

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
March 21, 2025
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ESSEX REAL ESTATE PARTNERS, LLC,<br><br>          Debtor(s). | Case No.: 19-51486-gs<br>Chapter 11 |
| PIONEER FUNDING GROUP III, LLC, a New York Domestic Limited Liability Company; PIONEER FUNDING GROUP IV, LLC, a New York Domestic Limited Liability Company; FURTHER SOUTH, LLC, a Nevada Domestic Limited-Liability Company,<br>          Plaintiff(s),<br><br>    v.<br><br>ESSEX REAL ESTATE PARTNERS, LLC, a Nevada Domestic Limited Liability Company, *et al.*,<br><br>          Defendant(s). | Adv. Proc. No. 21-05041-gs |
| KIRKLAND DEVELOPMENT ASSOCIATES, LLC, a Nevada limited liability company; TWO MUSKETEERS TRUST, DATED DECEMBER 21, 2005,<br><br>          Intervenor Plaintiff(s). | |

1

## JUDGMENT

On August 30, 2024, the court entered its Memorandum Decision on Motions for Summary Judgment (Adv. ECF No. 603, as amended at Adv. ECF No. 607), resolving: (1) the motion for summary judgment filed by Pioneer Funding Group III, LLC and Pioneer Funding Group IV, LLC (Adv. ECF No. 410); (2) the motion for summary judgment filed by Further South, LLC (Adv. ECF No. 509) and (3) the cross motion for summary judgment filed by defendants George and Martha Holman (Adv. ECF No. 467). Summary judgment orders followed on September 10, 2024 (Adv. ECF Nos. 608-610). Also on September 10, 2024, the court entered its Memorandum Decision on the Royal Entities'[1] Motion for Summary Judgment (Adv. ECF No. 611), granting that motion in part and denying it in part.

Subsequently, on January 15, 2025, the court entered orders denying a motion for stay pending appeal brought by the Pioneer Plaintiffs (Adv. ECF No. 752) and denying a motion for reconsideration filed by Further South, LLC (Adv. ECF No. 753). On February 21, 2025, the court entered its order dismissing the claims of the intervening plaintiffs as moot (Adv. ECF No. 786). All of the claims asserted in this action having been adjudicated, for the reasons stated in the Memorandum Decisions,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, judgment is entered as follows:

1. Royal Essex's Preferred B interests in the debtor are equitably subordinated to payment of the Common A interests in the debtor;

2. Knudson's interests in the debtor, on behalf of the actions of Holman bankruptcy estate, are equitably subordinated to payment of the Common A interests in the debtor to the extent they exceed the pro-rata share payable on its 0.67% Common A interest in the debtor.

3. The Preferred A and Common A interests of the Royal Entities are not subordinated.

//

---

[1] Capitalized terms used but not defined herein have the meaning assigned to them in the Amended Memorandum Decision on Motions for Summary Judgment.

4.  The Common A interests of the Holmans and/or their respective trusts are not subordinated.

5.  All parties shall bear their own fees and costs.

IT IS SO ORDERED.

* * * * *

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

# # #